TG

**FILED**

**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE HART, | |
| Plaintiff, | |
| v. | |
| OFFICER RUSSELL E. WHITE JR. #13770, OFFICER JESUS CANO #13648, OFFICER KRAGNYCKWJ #15153, OFFICER JEFFREY J. ZWIT #10336, OFFICER LUIS VEGA #13853, UNKNOWN OFFICERS, and the CITY OF CHICAGO, | No. |
| Defendants. | |

**08 C 761**

**JUDGE ST. EVE**
**MAGISTRATE JUDGE BROWN**

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE

HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above

named Defendants, to wit OFFICER RUSSELL E. WHITE JR. #13770,OFFICER JESUS

CANO #13648, OFFICER KRAGNYCKWJ #15153, OFFICER JEFFREY J. ZWIT #10336,

OFFICER LUIS VEGA #13853, and additional UNKNOWN OFFICERS (hereinafter, the

"DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and

this Court's supplementary jurisdiction powers.

## PARTIES

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.     On or about January 1, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

6.     On or about January 1, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7.     The arrest of the PLAINTIFF by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8.     The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9.     On January 1, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

2

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.     On or about January 1, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.     Upon information and belief, OFFICER RUSSELL E. WHITE JR. #13770, on January 1, 2007, came into physical contact with PLAINTIFF.

13.     Upon information and belief, OFFICER JESUS CANO #13648, on January 1, 2007, came into physical contact with PLAINTIFF.

14.     Upon information and belief, OFFICER KRAGNYCKWJ #15153, on January 1, 2007, came into physical contact with PLAINTIFF.

15.     Upon information and belief, OFFICER JEFFREY J. ZWIT #10336, on January 1, 2007, came into physical contact with PLAINTIFF.

16.     Upon information and belief, OFFICER LUIS VEGA #13853, on January 1, 2007, came into physical contact with PLAINTIFF.

17.     Upon information and belief, OFFICER RUSSELL E. WHITE JR. #13770, on January 1, 2007, participated in the arrest of the PLAINTIFF.

18.     Upon information and belief, OFFICER JESUS CANO #13648, on January 1, 2007, participated in the arrest of the PLAINTIFF.

19.     Upon information and belief, OFFICER KRAGNYCKWJ #15153, on January 1, 2007, participated in the arrest of the PLAINTIFF.

20.    Upon information and belief, OFFICER JEFFREY J. ZWIT #10336, on January 1, 2007, participated in the arrest of the PLAINTIFF.

21.    Upon information and belief, OFFICER LUIS VEGA #13853, on January 1, 2007, participated in the arrest of the PLAINTIFF.

22.    In January 2007, PLAINTIFF was assaulted and battered while in custody for the criminal charges brought by the DEFENDANT OFFICERS.

23.    PLAINTIFF suffered a fracture to his heel as a result of the assault and battery.

24.    The arrest and prosecution of the PLAINTIFF by the DEFENDANT OFFICERS was the proximate cause of the in-custody battery that occurred to PLAINTIFF and the injuries PLAINTIFF suffered therefrom.

25.    PLAINTIFF was found not guilty of all the criminal charges brought by the DEFENDANT OFFICERS on or about May 8, 2007, as a result of a bench trial.

### CONSPIRACY

26.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner::

    a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

    c.    generating false documentation to cover-up for their own and each other's misconduct;

27.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about January 1, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by

and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be

charged with criminal allegations, incur financial loss, including attorney's fees, and suffer

emotionally.

### *MONELL* ALLEGATIONS

28.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents

and/or other employees of the CITY OF CHICAGO to perform the following acts and/or

omissions:

      a.    generate false documentation to cover-up for the misconduct of fellow police
officers;

      b.    engage in acts of false arrest, malicious prosecution, significant intrusions to the
body of innocent citizens, excessive force, and/or serious acts of violence;

      c.    fail to properly discipline officers from said police department who have
committed act(s) of false arrest, malicious prosecution, significant intrusions to
the body of innocent citizens, excessive force, and/or serious acts of violence;

      d.    fail to properly investigate a complaint of false arrest, malicious prosecution,
significant intrusions to the body of innocent citizens, excessive force, and/or
serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon
another;

      e.    fail to take proper remedial action against a CITY OF CHICAGO police officer
once it is determined that an act of false arrest, malicious prosecution, significant
intrusions to the body of innocent citizens, excessive force, and/or serious acts of
violence has been committed by said officer upon another;

      f.    allow misconduct to occur in various types and severity such that police officers
believe that they can engage in false arrest, malicious prosecution, significant
intrusions to the body of innocent citizens, excessive force, and/or serious acts of
violence without repercussions and/or significant repercussions;

      g.    fail to provide adequate sanctions/discipline to officers who commit false arrest,
malicious prosecution, significant intrusions to the body of innocent citizens,
excessive force, and/or serious acts of violence, such that a permissive
atmosphere exists among officers wherein they believe that they will not be
disciplined (or significantly disciplined) for engaging in such behavior;

h.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

j.  fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

k.  fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

m. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

n.  fail to properly investigate officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

6

o.  fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

p.  fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

29.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

30.    A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
### §1983 False Arrest

31.    PLAINTIFF re-alleges paragraphs 1 – 30 as though fully set forth herein.

32.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

33.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## Malicious Prosecution - State Claim

34.     PLAINTIFF re-alleges paragraphs 1 – 30 as though fully set forth herein.

35.     The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

36.     The DEFENDANT OFFICERS engaged in this effort without probable cause.

37.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

38.     The underlying criminal charges were resolved in a manner indicative of innocence.

39.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
## § 1983 Conspiracy Claim

40.     PLAINTIFF re-alleges paragraphs 1 – 30 as though fully set forth herein.

41.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
## Conspiracy Claim – State Law

42.     PLAINTIFF re-alleges paragraphs 1 – 30 as though fully set forth herein.

43.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
## *Monell*

44.     PLAINTIFF re-alleges paragraphs 1 – 30 as though fully set forth herein.

45.     As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

46.     Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

47.     As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF were injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the CITY OF CHICAGO, costs and attorney's fees. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

48.     PLAINTIFF re-alleges paragraphs 1 – 30 as though fully set forth herein.

49.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

50.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT VII
## Supplementary Claim for *Respondeat Superior*

51.     PLAINTIFF re-alleges paragraphs 1 – 30 as though fully set forth herein.

52.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## **JURY DEMAND**

53.     Plaintiff demands trial by jury.


Respectfully submitted,



s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz



**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)