**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE HART, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 761 |
| | ) | |
| v. | ) | |
| | ) | Judge St. Eve |
| OFFICER RUSSELL E. WHITE, JR. | ) | |
| #13770, OFFICER JESUS CANO #13648, | ) | |
| OFFICER KRAGNYCKWJ #15153, | ) | Magistrate Judge Brown |
| OFFICER JEFFREY J. ZWIT #10336, | ) | |
| OFFICER LUIS VEGA #13853, | ) | |
| UNKNOWN OFFICERS, and the | ) | JURY DEMANDED |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER TO
PLAINTIFF'S COMPLAINT, DEFENSES AND JURY DEMAND**

Defendants, Chicago Police Officers William Krasnyckyj, Luis Vega, Russell White, Jr., Jesus Cano and Jeffrey Zwit ("Defendant Officers"), by one of their attorneys, Kathryn M. Doi, Assistant Corporation Counsel, hereby submit their answer to Plaintiff's Complaint, defenses and jury demand as follows:

**JURISDICTION**

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:**  Defendants admit that jurisdiction is proper.

**PARTIES**

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** Upon information and belief, Defendants admit the allegations contained in

this paragraph.

3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:**  Defendants admit the allegations contained in this paragraph.

4.    The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that City of Chicago is a duly incorporated municipal

corporation and is the employer and principal of the defendant officers.  Defendants further admit

that they were acting under color of law and pursuant to the rules and regulations of the Chicago

Police Department.  Defendants deny the remaining allegations contained in this paragraph as

they are pled by Plaintiff.

## FACTS

5.    On or about January 1, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**  Defendant Krasnyckyj denies the allegations to the extent they are directed

against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph against the other

named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in

this paragraph.

6.    On or about January 1, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** Defendant Krasnyckyj is without knowledge or information sufficient to

2

form a belief as to the truth of the allegations contained in this paragraph. Defendants Vega,

White, Zwit and Cano admit that Plaintiff did not resist arrest, batter or assault any of them.

Defendants Vega, White, Zwit and Cano deny the remaining allegations contained in this

paragraph.

7.      The arrest of the PLAINTIFF by the DEFENDANT OFFICERS caused an
unreasonable seizure to the Plaintiff.

**ANSWER:** Defendant Krasnyckyj denies the allegations to the extent they are directed

against him. Defendant Krasnyckyj is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph against the other

named defendants. Defendants Vega, White, Zwit and Cano deny the allegations contained in

this paragraph.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of
PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent
the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed
to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The
DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took
place relative to the PLAINTIFF.

**ANSWER:** Defendant Krasnyckyj denies the allegations to the extent they are directed

against him. Defendant Krasnyckyj is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph against the other

named defendants. Defendants Vega, White, Zwit and Cano deny the allegations contained in

this paragraph.

9.      On January 1, 2007, PLAINTIFF had not committed an act contrary to the laws of
the State of Illinois.

**ANSWER:** Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano deny the allegations contained in this paragraph.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions
of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:**  Defendant Krasnyckyj denies the allegations to the extent they are directed

against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph against the other

named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in

this paragraph.

11.     On or about January 1, 2007, the DEFENDANT OFFICERS were on duty at all
times relevant to this complaint and were duly appointed police officers for the CITY OF
CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date,
in the course and scope of their employment and while on duty.  This action is being brought
with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:**  Defendants admit that on January 1, 2007, they were duly appointed police

officers for the City of Chicago, acting within the scope of their employment and on duty.

Defendants further admit that Plaintiff is suing them in their individual capacities.  Defendant

Krasnyckyj denies the remaining allegations to the extent they are directed against him.

Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in this paragraph against the other named defendants.

Defendants Vega, White, Zwit and Cano deny the remaining allegations contained in this

paragraph.

12.     Upon information and belief, OFFICER RUSSELL E. WHITE, JR. #13770, on
January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

4

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

13.    Upon information and belief, OFFICER JESUS CANO #13648, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

14.    Upon information and belief, OFFICER KRAGNYCKWJ #15153, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

15.    Upon information and belief, OFFICER JEFFREY J. ZWIT #10336, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

16.    Upon information and belief, OFFICER LUIS VEGA #13853, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

17.    Upon information and belief, OFFICER RUSSELL E. WHITE, JR. #13770, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

18.    Upon information and belief, OFFICER JESUS CANO #13648, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

19.    Upon information and belief, OFFICER KRAGNYCKWJ #15153, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

20.    Upon information and belief, OFFICER JEFFREY J. ZWIT #10336, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

21.    Upon information and belief, OFFICER LUIS VEGA #13853, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**  Defendant Krasnyckyj is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.  Defendants Vega,

White, Zwit and Cano admit the allegations contained in this paragraph.

22.    In January 2007, PLAINTIFF was assaulted and battered while in custody for the criminal charges brought by the DEFENDANT OFFICERS.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in this paragraph.

23.    PLAINTIFF suffered a fracture to his heel as a result of the assault and battery.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.    The arrest and prosecution of the PLAINTIFF by the DEFENDANT OFFICERS was the proximate cause of the in-custody battery that occurred to PLAINTIFF and the injuries PLAINTIFF suffered therefrom.

**ANSWER:** Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph.

25.    PLAINTIFF was found not guilty of all the criminal charges brought by the DEFENDANT OFFICERS on or about May 8, 2007, as a result of a bench trial.

**ANSWER:** Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Defendants Vega, White, Zwit and Cano admit the allegations contained in this paragraph.

## CONSPIRACY

26.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

    c.    generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER:** Defendant Krasnyckyj denies the allegations to the extent they are directed against him. Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other

named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in

this paragraph.

27.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about January 1, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees and suffer emotionally.

**ANSWER:**  Defendant Krasnyckyj denies the allegations to the extent they are directed

against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in this paragraph against the other

named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in

this paragraph.

28.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

    a.    generate false documentation to cover up for the misconduct of fellow police officers;

    b.    engage in acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    c.    fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    d.    fail to properly investigate a complaint of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a City of Chicago police officer upon another;

    e.    Fail to take proper remedial action against a City of Chicago police officer once it is determined that an act of false arrest, malicious prosecution, significant

8

intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f.      allow misconduct to occur in various types and severity such as that police officers believe they can engage in false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions.

g.      fail to provide adequate sanctions/discipline to officers who commit false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules policies and/or procedures of the City of Chicago police department;

j.      fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the City of Chicago police department;

k.      fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.      fail to make proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be

disciplined or significant disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

m.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined ro significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the City of Chicago police department;

n.    fail to properly investigate officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein the believe they will not be disciplined (or significant disciplined) for engaging in misconduct with citizens;

o.    fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

p.    fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the City of Chicago police department

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

29.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the City of Chicago for a significant period of time, so much so, that police officers for the City of Chicago recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the City of Chicago police department in order to permit said conduct to re-occur.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

30.    A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT I
### § 1983 False Arrest

31.    Plaintiff re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through 30 as their answer to this paragraph.

32.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**  Defendant Krasnyckyj denies the allegations to the extent they are directed against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

33.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**  Defendant Krasnyckyj denies the allegations to the extent they are directed against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## COUNT II
## Malicious Prosecution - State Claim

34.     Plaintiff re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through 30 as their answer to this paragraph.

35.     The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:** Defendant Krasnyckyj denies the allegations to the extent they are directed against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants.  Defendants Vega, White, Zwit and Cano admit that they charged Plaintiff with violations of state law, and further admit that a criminal proceeding was commenced against Plaintiff.  Defendants Vega, White, Zwit and Cano deny the remaining allegations contained in this paragraph as pled by Plaintiff.

36.     The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER:** Defendant Krasnyckyj denies the allegations to the extent they are directed against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

37.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

12

**ANSWER:** Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Defendants Vega, White, Zwit and Cano admit the allegations contained in this paragraph.

38.    The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:** Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph.

39.    The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:** Defendant Krasnyckyj denies the allegations to the extent they are directed against him. Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants. Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

### COUNT III
### §1983 Conspiracy Claim

40.    Plaintiff re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through 30 as their answer to this paragraph.

13

41.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER:**  Defendant Krasnyckyj denies the allegations to the extent they are directed against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
## Conspiracy Claim - State Law

42.    Plaintiff re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**  Defendants adopt and incorporate their answers from paragraphs 1 through 30 as their answer to this paragraph.

43.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:**  Defendant Krasnyckyj denies the allegations to the extent they are directed against him.  Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants.  Defendants Vega, White, Zwit and Cano deny the allegations contained in this paragraph and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## COUNT V
### *Monell*

44.    Plaintiff re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**  Defendants adopt and incorporate their answers from paragraphs 1 through

30 as their answer to this paragraph.

45.    As a direct and proximate result of the aforementioned acts and omissions by
Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either
implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for
their wrongful and/or illegal acts.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

46.    Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO
encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of
the OFFICERS.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

47.    As a direct and proximate result of said custom, practice, policy, and/or pattern,
either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF were [*sic*] injured in a
personal and pecuniary manner.

**ANSWER:**  Defendants deny the allegations contained in this paragraph.

## COUNT VI
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

48.    Plaintiff re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**  Defendants adopt and incorporate their answers from paragraphs 1 through

30 as their answer to this paragraph.

49.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT
OFFICERS alleged above.

15

**ANSWER:** Defendants admit the allegations contained in this paragraph.

50.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:** Defendants admit that they were acting under color of law and in the scope of their employment with the City. Defendant Krasnyckyj denies the allegations to the extent they are directed against him. Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants. Defendants Vega, White, Zwit and Cano deny the remaining allegations contained in this paragraph and further deny any illegal or wrongful conduct.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

51.    Plaintiff re-alleges paragraphs 1 - 30 as if re-alleged herein.

**ANSWER:** Defendants adopt and incorporate their answers from paragraphs 1 through 30 as their answer to this paragraph.

52.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:** Defendants admit that they acted within the scope of their employment. Defendant Krasnyckyj denies the allegations to the extent they are directed against him. Defendant Krasnyckyj is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph against the other named defendants. Defendants Vega, White, Zwit and Cano deny the remaining allegations contained in this paragraph as pled by Plaintiff and further deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

16

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.      Defendants Vega, White, Cano and Zwit ("Defendant Officers") are government officials, namely police officers, who perform discretionary functions.  Defendants Vega, White, Cano and Zwit have admitted that they encountered and arrested Plaintiff.  At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting these Defendants, could have believed their actions regarding their encounter with Plaintiff to be lawful, in light of clearly established law and the information that Defendants possessed.  Defendant Officers are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2.      Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  Defendants' actions were performed in the execution and enforcement of the law and were not wilful and wanton. Defendant Officers are thus immune from liability. 745 ILCS 10/2-202.

3.       Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

4.       Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of

the state law claims alleged because the decision as to what action to take with regard to Plaintiff

was a discretionary decision for which the City and its employees are immune from liability.  745

ILCS 10/2-201.

      5.      To the extent any injuries or damages claimed by Plaintiff were proximately

caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the

part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of

the principles of comparative fault, by an amount commensurate with the degree of fault

attributed to Plaintiff by the jury in this case.

      6.      To the extent that Plaintiff failed to mitigate any of his claimed injuries or

damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the

principle that Plaintiff has a duty to mitigate attributed to Plaintiff by the jury in this case.

      7.      As to Plaintiff's state law claims, Defendant Officers are not liable to pay

attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement

'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the

successful party." See Kerns v. Engelke, 76 Ill.2d 154, 166 (Ill. 1979)(internal citations omitted).

### JURY DEMAND

      Defendants, William Krasnyckyj, Luis Vega, Russell White, Jr., Jesus Cano and Jeffrey

Zwit, request a trial by jury.

                                Respectfully Submitted,

                                **/s/ Kathryn M. Doi**

30 N. LaSalle, Suite 1400             KATHRYN M. DOI

Chicago, IL 60602                     Assistant Corporation Counsel

(312) 744-0742

Attorney No. 06274825