# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GEORGE HART,                              )
                                          )    No.    08 C 0761
                    Plaintiff,    )
                                          )    JUDGE ST. EVE
           v.                   )
                                          )    Magistrate Judge Brown
OFFICER RUSSELL E. WHITE, JR., #13770,    )
OFFICER JESUS CANO #13648, OFFICER        )
KRAGNYCKWJ, #15153, OFFICER JEFFREY J.    )
ZWIT, #10336, OFFICER LUIS VEGA, #13853,  )
UNKNOWN OFFICERS, and the CITY OF         )
CHICAGO,                                  )
                                          )
                Defendants.    )

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
## JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City

of Chicago for its answer defenses and jury demand to plaintiff's complaint, states:

### Jurisdiction

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C.
§ 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and
this Court's supplementary jurisdiction powers.

**ANSWER**:     The City denies that the United States Constitution provides a direct cuase of

action in this case. The City admits the remaining allegations of this paragraph.

### Parties

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:**     On information and belief, the City admits the allegations of this paragraph.

3.      The Defendant Officers were at all times relevant hereto employed by and acting on
behalf of the City of Chicago.

**ANSWER:**    The City admits that Defendant Officers White, Cano, Krasnyckwj, Zwit and Vega were at all times relevant to this complaint employed by the City as police officers.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

4.      The City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).    At all times material to this complaint, the Defendant Officers were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the City of Chicago.

**ANSWER:**    The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois.  The City further admits that Defendant Officers White, Cano, Krasnyckwj, Zwit and Vega are employed by the City as police officers, and on information and belief based on Chicago Police Department records, that Defendant Officers White, Cano, Krasnyckwj, Zwit and Vega at all times relevant to the complaint were acting under color of state law.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Facts

5.      On or about January 1, 2007, some or all of the Defendant Officers were engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6.      On or about January 1, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the Defendant Officers.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7.     The arrest of the PLAINTIFF by the Defendant Officers caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8.     The Defendant Officers charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the Defendant Officers failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The Defendant Officers did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9.     On January 1, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the Defendant Officers, PLAINTIFF was caused to suffer damages.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.     On or about January 1, 2007, the Defendant Officers were on duty at all times relevant to this complaint and were duly appointed police officers for the City of Chicago.  The Defendant Officers engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the Defendant Officers.

**ANSWER:**    The City admits the PLAINTIFF is suing the Defendant Officers in their individual capacities, and that on January 1, 2007,  Defendant Officers White, Cano, Krasnyckwj, Zwit and Vega were employed as a Chicago Police Officers.  The City further admits based on Chicago Police Department records that, at all times relevant to this complaint, Defendant Officers White, Cano, Krasnyckwj, Zwit and Vega were acting within the course and scope of their employment.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

12.    Upon information and belief, Officer Russell E. White, Jr., #13770, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.    Upon information and belief, Officer Jesus Cano #13648, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14.    Upon information and belief, Officer Kragnyckwj #15153, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15.    Upon information and belief, Officer Jeffrey J. Zwit #10336, on January 1, 2007, came into physical contact with PLAINTIFF.

       **ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

4

16.    Upon information and belief, Officer Luis Vega #13853, on January 1, 2007, came into physical contact with PLAINTIFF.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17.    Upon information and belief, Officer Russell E. White Jr., #13770, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**    The City admits that, according to Chicago Police Department documents, PLAINTIFF was arrested on January 1, 2007 by Officer White, Star No. 13370.   The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

18.    Upon information and belief, Officer Jesus Cano #13648, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**    The City admits that, according to Chicago Police Department documents, PLAINTIFF was arrested on January 1, 2007 by Officer Cano, Star No. 13648.   The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

19.    Upon information and belief, Officer Kragnyckwj #15153, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20.    Upon information and belief, Officer Jeffrey J. Zwit #10336, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**    The City admits that, according to Chicago Police Department documents, PLAINTIFF was arrested on January 1, 2007 by Officer Zwit, Star No. 10336.   The City lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

21.    Upon information and belief, Officer Luis Vega #13853, on January 1, 2007, participated in the arrest of the PLAINTIFF.

**ANSWER:**    The City admits that, according to Chicago Police Department documents, PLAINTIFF was arrested on January 1, 2007 by Officer Vega, Star No. 13853. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

22.    In January 2007, PLAINTIFF was assaulted and battered while in custody for the criminal charges brought by the Defendant Officers.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.    PLAINTIFF suffered a fracture to his heel as a result of the assault and battery.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24.    The arrest and prosecution of the PLAINTIFF by the Defendant Officers was the proximate cause of the in-custody battery that occurred to PLAINTIFF and the injuries PLAINTIFF suffered therefrom.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25.    PLAINTIFF was found not guilty of all of the criminal charges brought by the Defendant Officers on or about May 8, 2007, as a result of a bench trial.

**ANSWER:**    The City admits that, according to Chicago Police Department documents, PLAINTIFF was found not guilty of the criminal charges brought pursuant to his January 1, 2007

6

arrest.  The City lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

## Conspiracy

26.    Some or all of the Defendant Officers conspired to cause damage to PLAINTIFF in the following manner:

a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

b.    agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

c.    generating false documentation to cover-up for their own and each other's misconduct;

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

27.    In connection with the above conspiracy, the Defendant Officers specifically engaged in communication on or about January 1, 2007, whereby the Defendant Officers agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the Defendant Officers by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

**ANSWER:**    The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

## *Monell* Allegations

28.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the City of Chicago to perform the following acts and/or omissions:

a.    generate false documentation to cover-up for the misconduct of fellow police officers;

b.    engage in acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

7

c.    fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

d.    fail to properly investigate a complaint of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a City of Chicago police officer upon another;

e.    Fail to take proper remedial action against a City of Chicago police officer once it is determined that an act of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f.    allow misconduct to occur in various types and severity such as that police officers believe they can engage in false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g.    fail to provide adequate sanctions/discipline to officers who commit false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.    Fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules policies and/or procedures of the City of Chicago police department;

j.    fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the City of Chicago police department;

8

k.      fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.      fail to make proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significant disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

m.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the City of Chicago police department;

n.      fail to properly investigate officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein the believe they will not be disciplined (or significant disciplined) for engaging in misconduct with citizens;

o.      fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

p.      fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the City of Chicago police department;

**ANSWER:**    The City denies the allegations contained in this paragraph and its subparagraphs**.**

9

29.     This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the City of Chicago for a significant period of time, so much so, that police officers for the City of Chicago recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the City of Chicago police department in order to permit said conduct to re-occur.

**ANSWER:**     The City denies the allegations contained in this paragraph**.**

30.     A code of silence exists between officers of the Defendant Municipality.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets in the department, regarding police officer misconduct.

**ANSWER:**     The City denies the allegations contained in this paragraph**.**

## COUNT I
## § 1983 False Arrest

31.     PLAINTIFF re-alleges paragraphs 1- 30 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-30.

32.     The actions of the Defendant Officers caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  Therefore, the conduct of the Defendant Officers was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

33.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

## COUNT II
## Malicious Prosecution - State Claim

34.     PLAINTIFF re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-30.

35.     The Defendant Officers alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

36.     The Defendant Officers engaged in this effort without probable cause.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

37.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

**ANSWER:**     The City admits that, according to Chicago Police Department documents, PLAINTIFF was found not guilty of the criminal charges brought pursuant to his January 1, 2007 arrest.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

38.     The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER:**     The City admits that, according to Chicago Police Department documents, PLAINTIFF was found not guilty of the criminal charges brought pursuant to his January 1, 2007 arrest.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

39.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**COUNT III**
**§ 1983 Conspiracy Claim**

40.     PLAINTIFF re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-30.

41.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### COUNT IV
### Conspiracy Claim - State Law

42.     PLAINTIFF re-alleges paragraphs 1 through 30 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-30.

43.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER:**     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### COUNT V
### *Monell*

44.     PLAINTIFF re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**     The City incorporates its answers to paragraphs 1-30.

45.     As a direct and proximate result of the aforementioned acts and omissions by Defendant City of Chicago there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the City of Chicago in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER:**     The City denies the allegations contained in this paragraph.

46.     Said custom, practice, policy, and/or pattern of the City of Chicago encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the Officers.

**ANSWER:**     The City denies the allegations contained in this paragraph.

47.    As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the City of Chicago, PLAINTIFF were [sic] injured in a personal and pecuniary manner.

**ANSWER:**    The City denies the allegations contained in this paragraph**.**

### COUNT VI
### 745 ILCS 10/9-102 Claim against the City of Chicago

48.    PLAINTIFF re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1-30.

49.    Defendant City of Chicago is the employer of the Defendant Officers alleged above.

**ANSWER:**    The City admits that Defendant Officers White, Cano, Krasnyckwj, Zwit and Vega are employed by the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

50.    The Defendant Officers, as alleged above, committed the acts under color of law and in the scope of employment of the City of Chicago.

**ANSWER:**    The City admits on information and belief based on Chicago Police Department records that, at all times relevant to this complaint, Defendant Officers White, Cano, Krasnyckwj, Zwit and Vega were acting under color of state law and within the course and scope of their employment.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### COUNT VII
### Supplementary Claim for *Respondeat Superior*

51.    PLAINTIFF re-alleges paragraphs 1 - 30 as though fully set forth herein.

**ANSWER:**    The City incorporates its answers to paragraphs 1-30.

52.    The aforesaid acts of the Defendant Officers were in the scope of employment and therefore the Defendant City of Chicago, as principal, is liable for the acts of its agent(s) under the

doctrine of *respondeat superior*.

**ANSWER:**     The City admits that, at all times relevant to this complaint, on information and belief based on Chicago Police Department records, that Defendant Officers  White, Cano, Krasnyckwj, Zwit and Vega were in acting the scope of their employment. The City states that the allegation of this paragraph, that the City is liable for the actions of its agents under the doctrine of *respondeat superior*,  contains a vague, incomplete, and/or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is denied.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on PLAINTIFF's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Defendant City is not liable to Plaintiff if its employees or agents are not liable to the PLAINTIFF. 745 ILCS 10/2-109 (2006).

2.     To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

3.     Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4.     To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the

14

principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

5.     Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-1-2 (2002).

6.     As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See, Kerns v. Engelke*, 76 Ill.2d. 154, 166 (1979)(citations omitted).

7.     Under Illinois state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. *Wright v. City of Danville*, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

8.     The City is not liable under Section 1983 if Plaintiff does not prove any violation of his constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

9.     Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the City is not vicariously liable under section 1983 for its employees' misconduct.

## **Jury Demand**

Defendant City of Chicago requests a trial by jury.

Respectfully submitted,
MARA S. GEORGES,
Corporation Counsel, City of Chicago

By:     **/s/ *Megan K. McGrath***
MEGAN K. McGRATH
Assistant Corporation Counsel

30 North LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-8369
Attorney No.  06288408