**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE HART, | ) | |
| | ) | No.    08 C 0761 |
| Plaintiff, | ) | |
| | ) | JUDGE ST. EVE |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| OFFICER RUSSELL E. WHITE, JR., #13770, | ) | |
| OFFICER JESUS CANO #13648, OFFICER | ) | |
| KRAGNYCKWJ, #15153, OFFICER JEFFREY J. | ) | |
| ZWIT, #10336, OFFICER LUIS VEGA, #13853, | ) | |
| UNKNOWN OFFICERS, and the CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S MOTION TO STRUCTURE DISCOVERY
OR, IN THE ALTERNATIVE, TO BIFURCATE THE *MONELL* CLAIMS
AND TO STAY DISCOVERY AND TRIAL ON THE *MONELL* CLAIMS**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, moves to structure discovery, including requests to admit or, in the alternative, to bifurcate the *Monell* claim pursuant to Fed. R. Civ. P. 42(b) and to stay discovery and trial on the *Monell* claims.  In support, the City states:

1.      Plaintiff George Hart ("plaintiff") filed a Complaint against the City and individual Chicago Police Officers White, Cano, Krasnyckwj, Zwit, Vega ("Individual Defendants"), and unknown Chicago Police officers ("Unknown Defendants") (collectively "Defendant Officers") alleging constitutional violations pursuant to 42 U.S.C. § 1983 and violations of Illinois state law.[1]  Plaintiff alleges that the Defendant Officers unreasonably seized

---

[1]  A copy of Plaintiff's complaint is attached as Exhibit A.

and falsely arrested him on January 1, 2007, and conspired among themselves to violate his constitutional rights.  Against the City, plaintiff brings various claims under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), alleging the existence of multiple municipal customs, policies, and practices that presumably caused these alleged constitutional violations.  Indeed, Plaintiff enumerates approximately sixteen separate "acts and/or omissions" that he alleges are performed by the Chicago Police Department ("CPD") and other City personnel pursuant to municipal "custom, practice and/or policy." Cmplt., ¶ 28(a-p).

2.     Because of the *Monell* claims, the City seeks to structure discovery as follows: 1) identify the Unknown Defendants, so they can be named and allowed to defend themselves as early in the proceedings as possible; 2) conduct discovery on Plaintiff's underlying constitutional claims while staying *Monell* discovery; and 3) after completion of discovery on Plaintiff's underlying claims, and to the extent necessary and applicable, conduct *Monell* discovery.

3.     The merits of the City's proposal are clear.  First, the incident underlying the lawsuit, according to police reports, involved a single encounter between plaintiff and the Individual Defendants, but plaintiff alleges that certain Unknown Defendants also engaged in that encounter.  Discovery to identify these unknown officers should be relatively quick and easy. More important, it is critical that the Unknown Defendants be identified as early in the litigation as possible, so that they will have a full opportunity to participate in discovery and prepare their defenses.

4.     Second, staying discovery on plaintiff's *Monell* claims while discovery on the underlying constitutional claims proceeded would further significant interests of both the parties

and this Court.  It is axiomatic that the plaintiff shows that the Defendant Officers violated his constitutional rights in order to succeed on his federal claims, including the *Monell* claim against the City.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  In other words, if plaintiff cannot first demonstrate that the Defendant Officers violated his constitutional rights, he will be unable to prevail on his *Monell* claims.  The United States Supreme Court has advocated limiting discovery as an appropriate means of controlling the significant and often unnecessary costs involved in litigating *Monell* claims.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 167 (1993).  In the interests of convenience, economy, and justice, the Seventh Circuit has approved not only the staying of discovery on policy claims, but also separate trials on *Monell* claims.  Treece v. Hochstetler, 213 F.3d 360, 365 (7th Cir. 2000); see also Coffie v. City of Chicago, et. al., 05 C 6745 (November 20, 2006) (attached as Exhibit B).

5.      *Monell* discovery often requires production of thousands of documents contained in voluminous files in various locations.  Before they are produced, the documents must be reviewed and gathered by the CPD, and/or other departments.  They are then copied and sent to the City's Law Department, where they are examined and redacted, where necessary, before they are Bates numbered and copied for production.  Numerous depositions of 30(b)(6) witnesses may be noticed.  *Monell* claims cost municipalities (i.e., the taxpayers), an enormous amount of time, money, and resources, and consume a considerable amount of judicial resources.  *Monell* discovery frequently requires court assistance to resolve disputes about its scope and relevancy, and privileges asserted by the defendants.

6.      Fact discovery against the Defendant Officers will not be affected by the City's

proposal because it is completely distinct from *Monell* discovery.  (Discovery of the facts of the underlying incident, however, may have some bearing on the *Monell* claims.)  Summary judgment at the conclusion of this discovery may very well eliminate the need for any *Monell* discovery.  Of course, assuming that the *Monell* claim survives summary judgment and is proven at trial, it will not provide plaintiff with any additional compensatory damages.  See Spanish Action Committee of Chicago v. City of Chicago, 766 F.2d 315, 321 (7th Cir. 1985); see also Jones v. City of Chicago, 856 F.2d 985, 995 (7th Cir. 1900).

7.      Plaintiff would not be prejudiced financially by proceeding first against the Defendant Officers.  For example, settlement is often more likely to occur before attorneys' fees and costs have soared due to discovery.  Further, the City is obligated by statute to pay compensatory damages assessed against the defendant officers for act committed within the scope of their employment.  745 ILCS 9-102.  The City is not required to pay punitive damages under any circumstances, so plaintiff would not be affected in that regard either.  City of Newport v. Facts Concerts, 453 U.S. 247 (1981).

8.      In sum, before requiring the City and the Court to expend their limited resources on plaintiff's *Monell* claim, the parties should be permitted to first, identify the Unknown Defendants; second, examine whether any constitutional violations in fact occurred; and third, determine whether these constitutional violations were committed by the Defendant Officers.  If plaintiff cannot demonstrate that the Defendant Officers violated his constitutional rights, he simply cannot prevail against the City under *Monell*.

9.      In the alternative, pursuant to Rule 42(b), the City moves this Court to bifurcate the *Monell* claims against the City from the constitutional claims against the Defendant Officers,

and to stay discovery and trial on the *Monell* claims against the City until the resolution of all claims against the Defendant Officers.

10.     District courts have broad discretion in ordering the bifurcation of a plaintiff's claims, as part of their inherent power to control their docket.  See Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000).  Rule 42(b) allows district courts to separate the trial of any issue, if separation is warranted "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  Berry v. Deloney, 28 F.3d 604, 610 (7th Cir. 1994).  "Only one of these criteria need be satisfied for a court to order a separate trial."  Id.

11.     Plaintiff's allegations in this case involve a single incident, so bifurcation of the *Monell* claims from the claims against the Defendant Officers will protect the Defendant Officers from the possible prejudice of introducing at trial broader and extraneous evidence regarding the multiple municipal customs, policies, and practices that plaintiff alleges are improper or deficient.  Bifurcating the *Monell* claims at this stage of the litigation, and concomitantly continuing to stay discovery relating to these claims, thereby (1) protects the interest of the City in eliminating potentially unnecessary litigation expenses, (2) avoids prejudice to the Defendant Officers, and (3) protects plaintiff's interest in expediting trial of his constitutional claims against the Defendant Officers without foreclosing unnecessarily the opportunity to establish the City's liability on the *Monell* claims.

12.     Further, granting this motion promotes judicial economy, and thus protects this Court's interests.  Bifurcation of the *Monell* claims eliminates the need for (1) extensive judicial intervention in discovery disputes, (2) ruling on the City's summary judgment motion on these

-5-

claims, and (3) if the City's motion for summary judgment is denied, presiding over a lengthy and legally and factually complex trial during which all of plaintiff's claims will be presented simultaneously to a jury. The Seventh Circuit in <u>Treece</u> explicitly endorsed bifurcation as a means to avoid "the waste of the valuable time and resources of the court," as well as of serving the interests furthered by Rule 42(b). 213 F.3d at 365.

13. In conclusion, to further the important interests of justice, convenience and economy, and to avoid prejudice to any party, this Court should stay discovery, including requests to admit, on the *Monell* claims, and grant the City's motion to structure discovery to first identify the Unknown Defendants; second, examine whether any constitutional violations in fact occurred; and third, determine whether these constitutional violations were committed by the Defendant Officers. Alternatively, the City asks the Court to bifurcate plaintiff's *Monell* claims against defendant City of Chicago, pursuant to Rule 42(b); and (2) stay both discovery and trial on the *Monell* claims.

Respectfully Submitted,

MARA S. GEORGES
Corporation Counsel of the City of Chicago

By:    */s/ Peter Ahmadian*
PETER AHMADIAN
MEGAN McGRATH
Assistants Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-0898

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that he caused to be served a true and correct copy of **Defendant City of Chicago's Motion to Structure Discovery Or, In The Alternative, To Bifurcate The Monell Claims And To Stay Discovery And Trial On The *Monell* Claims,** on plaintiff's counsel of record, as identified below, by the United States District Court for Northern District of Illinois, Eastern Division's electronic case filing system, on the 7th day of April, 2008.

Blake Horwitz, Erica Faaborg
Horwitz, Ricarhdson & Baker, LLC.
20 North Clark Street, Suite 500
Chicago, Illinois 60602

**s**/Peter Ahmadian
PETER AHMADIAN
Assistant Corporation Counsel

Employment and Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744